UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELE DOTTS,   CASE NO.:

    Plaintiff,

v.

ANTHEM LAKES, LLC,
a Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHELE DOTTS ("Ms. Dotts" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), seeking recovery from ANTHEM LAKES, LLC. ("Anthem" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Duval County, Florida.

3. Defendant is a Florida Limited Liability Company that is located and does business in Duval County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Duval County, Florida, and therefore the proper venue for this case is the Jacksonville Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Ms. Dotts worked for Anthem as an Activities Assistant and later, Activities Director, from March 16, 2017, until her termination on August 13, 2020.

8. During her long tenure with Anthem, Ms. Dotts was an excellent employee, with no significant non-FMLA/FFCRA-related performance, attendance, or tardiness issues.

9. When the COVID-19 outbreak hit, our Ms. Dott's son (a trauma nurse), contracted the disease and alerted Ms. Dotts that she should be tested.

10. In July 2020, after being advised of her son's positive status, Ms. Dotts immediately informed Executive Director, Christie "C.J." Reeves ("Ms. Reeves") of same, as well as her need to quarantine pursuant to federal, state, and local guidelines.

11. Subsequently, Ms. Dotts took two (2) COVID-19 tests, both of which were positive.

12. Ms. Reeves simply instructed our client to stay home and quarantine, without any assurances that her position would be protected upon her return.

13. Ms. Dotts informed her supervisor of her ongoing and disabling serious health condition for which she needed at multiple weeks of medical leave.

14. Defendant was provided notice of Ms. Dotts' FMLA qualifying event.

15. Ms. Dotts' disclosure should have prompted Anthem to inform Ms. Dotts of her rights and obligations pursuant to the FMLA, but Defendant failed to do so.

16. Ms. Reeves continued to ask Ms. Dotts to return to work, even before completing her fourteen-day quarantine, as was mandated by the Center for Disease Control and Prevention (CDC).

17. When Ms. Dotts objected to this and requested more information about how to engage in protected leave and utilize her benefits, Ms. Reeves simply quit responding and forwarded her inquiries to Supervisor, David Kirkland ("Mr. Kirkland").

18. Mr. Kirkland failed to adequately answer any questions regarding Ms. Dotts' employment, and again, failed to advise Ms. Dotts of her rights and responsibilities under the FMLA.

19. For example, on August, 3, 2020, when asked if Ms. Dotts was still employed, Mr. Kirkland responded with "I think so."

20. When Ms. Dotts asked him if she was eligible for FMLA, Mr. Kirkland replied with "Probably."

21. On August 6, 2020, Mr. Kirkland informed our client that if her need for medical leave could not be resolved by August 14, 2020, she would be terminated.

22. Immediately, Ms. Dotts objected to this, and asked for more guidance regarding her FMLA benefits.

23. In response to her query, Ms. Reeves stated that our client could elect to take FMLA, but that Anthem "could not hold [her] position," if she elected to take unpaid leave.

24. Anthem did not disclose the protections the FMLA grants.

25. While Ms. Dotts objected to this patently illegal retaliation, her concerns went unheeded.

26. On August 13, 2020, Mr. Kirkland informed Ms. Dotts that she was no longer an employee, and was thus terminated.

27. As an explanation, Mr. Kirkland listed our client's "unpaid absences," all of which would have been covered under the FMLA.

28. Anthem failed to offer proper guidance on the FMLA pursuant to federal law.

29. This failure of information prevented Ms. Dotts from seeking FMLA benefits she was entitled to take.

30. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

31. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

32. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

33. The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against her by Defendant.

34. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her attempted utilization of what should have been protected FMLA leave.

35. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

36. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

37. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37, above.

39. At all times relevant hereto, Plaintiff was protected by the FMLA.

40. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

41. At all times relevant hereto, Defendant interfered with Plaintiff by repeatedly failing to provide her FMLA paperwork or to advise her of her rights and responsibilities under the FMLA in response to his disclosures regarding her serious health condition, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

42. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37, above.

45. At all times relevant hereto, Plaintiff was protected by the FMLA.

46. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

47. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for attempting to apply for FMLA leave and for attempting to utilize what should have been FMLA-protected leave.

48. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

49. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

50. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 14th day of January, 2022.

                Respectfully Submitted,

                ***/s/ Noah E. Storch***
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*